UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ESTELLE KELLY, INDIVIDUALLY
AND O/B/O HER MINOR CHILDREN

VERSUS

CLEAN HARBORS WHITE CASTLE, LLC

CIVIL ACTION

NO. 18-359-JWD-EWD

## NOTICE AND ORDER REGARDING UNOPPOSED MOTION FOR LEAVE TO INTERVENE

Before the court is an Unopposed Motion for Leave to Intervene (the "Motion for Leave"),[1] filed by Kent & Smith Holdings, LLC ("KSH") and HDI Global Insurance Company ("HDI") (collectively, "Proposed Intervenors").

Plaintiff, Estelle Kelly, proceeding individually and on behalf of her minor children ("Plaintiff") brought this survival and wrongful death action in state court against defendant, Clean Harbors White Castle, LLC ("Defendant").[2] Plaintiff alleges that her husband ("Decedent") injured his leg while "unloading his work truck" at Defendant's facility and that as a result of the accident, Decedent suffered injuries leading to "a pulmonary embolis [sic] which was caused by a blood clot from his injured knee which ultimately caused his death."[3] On March 29, 2018, Defendant removed this action to this court pursuant to 28 U.S.C. § 1332.[4] Defendant alleges that the parties are completely diverse because "Plaintiff Estelle Kelly is domiciled in the Parish of Ascension, State of Louisiana" and Defendant's sole member, Clean Harbors Disposal, "is registered in Delaware, with its principal place of business in Michigan."[5]

---

[1] R. Doc. 10.
[2] R. Doc. 1-2.
[3] R. Doc. 1-2, ¶¶ II-IV.
[4] R. Doc. 1.
[5] R. Doc. 1, ¶ 5.

1

On June 14, 2018, KSH and HDI moved to intervene in these proceedings.[6] KSH and HDI aver that their counsel "has contacted counsel for all parties and advised of KSH and HDI's intention to file the above-mentioned and attached Complaint of Intervention and received consent from all."[7] Per their proposed Complaint of Intervention, Proposed Intervenors allege that Decedent was injured while he was in the course and scope of his employment with KSH and that HDI issued a worker's compensation insurance policy to KSH.[8] Proposed Intervenors "adopt the allegations of Plaintiff's Complaint as to the liability of Defendant"[9] and contend that they are "entitled to be paid by preference and priority any such money paid out of any payment or settlement made in favor of Plaintiff by any party, including Defendant, Clean Harbors, for any amounts which have been paid to or on behalf of the Decedent for workers' compensation benefits and/or medical expenses, and death benefits paid to Plaintiff…."[10] Additionally, KSH "as additional subrogee and co-owner of the rights of Plaintiff" seeks "reimbursement for all those amounts paid to [sic] on behalf of Decedent and/or Plaintiff in excess of the coverages provided by HDI."[11]

Per their proposed pleading, Proposed Intervenors allege that KSH is "a Louisiana limited liability company domiciled in the Parish fo [sic] West Baton Rouge, State of Louisiana" and that HDI is "a foreign company authorized to do and doing business in the State of Louisiana, and domiciled in the Borough of New York City, State of New York."[12] As set forth herein, these

---

[6] R. Doc. 10.

[7] R. Doc. 10, p. 1.

[8] R. Doc. 10-4, ¶¶ 2 & 4.

[9] R. Doc. 10-4, ¶ 6.

[10] R. Doc. 10-4, ¶ 9.

[11] R. Doc. 10-4, ¶ 11.

[12] R. Doc. 10-4, p. 1.

allegations are insufficient to establish the citizenship of either KSH or HDI for purposes of ensuring that the intervention of these parties will not destroy this court's diversity subject matter jurisdiction.

The Fifth Circuit has "stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'"[13] This court has previously held that "allegations phrased in the negative are insufficient."[14] In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."[15] Here, assuming HDI is a corporation, Proposed Intervenors must allege *both* HDI's principal place of business and state of incorporation. The allegation that HDI is "domiciled" in New York fails to set forth either HDI's state of incorporation or principal place of business.[16] Further, for purposes of diversity, the citizenship of a limited liability company or other unincorporated association is determined by considering the citizenship of all its members.[17] Thus, to properly allege the citizenship of a limited liability company (such as KSH) or similar association, a party must identify each of the members and the citizenship of each member in

---

[13] *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975); *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference)). *See also*, *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil, Div. of Texaco v. Ins. Co. of North America,* 841 F.2d 1254, 1259 (5th Cir. 1988)).

[14] *Truxillo v. American Zurich Ins. Co.*, Civil Action No. 16-369, 2016 WL 6987127, at * 6 (M.D. La. Oct. 24, 2016) (citing *Constance v. Austral Oil Exploration Co., Inc.*, Civil Action No. 12-1252, 2013 WL 495779, at * 3 (W.D. La. Feb. 3, 2013)).

[15] *Getty Oil*, 841 F.2d at 1259.

[16] If alternatively HDI is a limited liability company or other unincorporated association, its citizenship must be alleged pursuant to the rules set froth for such association and as explained here with respect to KSH.

[17] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of an unincorporated association which is also an unincorporated association.[18] To adequately allege the citizenship of KSH, Proposed Intervenors must set forth the members of KSH and the citizenship of each member in accordance with the applicable rules.

**IT IS HEREBY ORDERED** that Kent & Smith Holdings, LLC ("KSH") and HDI Global Insurance Company ("HDI") shall file a Motion to Substitute the proposed Complaint of Intervention (R. Doc. 10-4) with a proposed pleading that adequately sets forth the citizenship particulars for KSH and HDI. KSH and HDI shall have seven (7) days from the date of this Notice and Order to file the Motion to Substitute. No leave of court is necessary to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on June 19, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).