UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ESTELLE KELLY, INDIVIDUALLY
AND o/b/o HER MINOR CHILDREN

CIVIL ACTION

VERSUS

NO. 18-359-JWD-EWD

CLEAN HARBORS WHITE CASTLE, LLC

## RULING GRANTING UNOPPOSED MOTION FOR LEAVE TO INTERVENE

Before the court is an Unopposed Motion for Leave to Intervene (the "Motion for Leave to Intervene"),[1] filed by Kent & Smith Holdings, LLC ("KSH") and HDI Global Insurance Company ("HDI") (collectively, "Proposed Intervenors"). On June 20, 2018, Proposed Intervenors filed an Ex Parte Motion to Substitute Pleading,[2] which was granted.[3] Per the as-substituted Complaint of Intervention, KSH is a limited liability company with two members, Gerald L. Smith and Kelly Smith, who are both citizens of Louisiana.[4] HDI is an insurance company incorporated in the State of Illinois with its principal place of business in Illinois.[5] Proposed Intervenors assert that they

---

[1] R. Doc. 10.

[2] R. Doc. 13.

[3] R. Doc. 14.

[4] R. Doc. 10-4, p. 1.

[5] R. Doc. 10-4, p. 1. Per the Notice of Removal, "Plaintiff Estelle Kelly is domiciled in the Parish of Ascension, State of Louisiana" and Defendant's sole member, Clean Harbors Disposal, "is registered in Delaware, with its principal place of business in Michigan." R. Doc. 1, ¶ 5. The undersigned considers Proposed Intervenors to be aligned with Plaintiff. *See*, *Dushane v. Gallagher Kaiser Corp.*, No. Civ.A 05-171, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word."). *See also*, *Paxton v. Kirk Key Interlock Co., LLC*, Civil Action No. 08-583, 2008 WL 4977299, at * 7 n. 27 (M.D. La. Oct. 21, 2008) ("Since both Dow and the plaintiffs in this suit share the same ultimate interest as against ABB, i.e., recovery of losses sustained (in the form of injuries and worker's compensation benefits paid or obligated to be paid in the future), as a result of ABB's allegedly defective switchgear equipment and since Dow offers no resistance to the substance of the plaintiffs' claims against ABB and merely seeks its statutorily-created right to reimbursement based upon the substance of plaintiffs' claims, Dow should be realigned as a party plaintiff herein.") (report and recommendation adopted in part and rejected in part on other grounds, 2008 WL 5043428 (M.D. La. Nov. 21, 2008)); *Head v. Chesapeake Operating, Inc.*, Civil Action No. 10-444, 2010 WL

1

seek to intervene as of right pursuant to Fed. R. Civ. P. 24(a)[6] and that they have received the consent of all parties to this suit to file their Complaint of Intervention.[7] For the reasons set forth herein, the Motion for Leave to Intervene[8] is **GRANTED**.[9] The clerk is **ORDERED** to file the Complaint of Intervention (R. Doc. 10-4) into the record.

### I.   Background

Plaintiff, Estelle Kelly, proceeding individually and on behalf of her minor children ("Plaintiff"), brought this survival and wrongful death action in state court against defendant, Clean Harbors White Castle, LLC ("Defendant").[10] Plaintiff alleges that her husband ("Decedent") injured his leg while "unloading his work truck" at Defendant's facility and that as a result of the accident, Decedent suffered injuries leading to "a pulmonary embolis [sic] which was caused by a blood clot from his injured knee which ultimately caused his death."[11] On March 29, 2018, Defendant removed this action to this court pursuant to 28 U.S.C. § 1332.[12]

---

2246394, at * 1 (W.D. La. May 26, 2010) ("The worker's compensation intervenor in a case like this is aligned as a plaintiff, so its citizenship must be diverse from that of all defendants or diversity will be destroyed."). Accordingly, while both Plaintiff and KSH are Louisiana citizens, that does not destroy the complete diversity required for this court to exercise subject matter jurisdiction.

[6] R. Doc. 10-4, ¶ 1.

[7] R. Doc. 10, p. 1.

[8] R. Doc. 10.

[9] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, No. 2:12CV-885, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, Civ.A. 3:04CV1803, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also*, *Stephens v. State Farm and Cas. Co.*, Civil Action No. 07-2433, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").

[10] R. Doc. 1-2.

[11] R. Doc. 1-2, ¶¶ II-IV.

[12] R. Doc. 1.

On June 14, 2018, KSH and HDI moved to intervene in these proceedings.[13] Per their proposed Complaint of Intervention, Proposed Intervenors allege that Decedent was injured while he was in the course and scope of his employment with KSH and that HDI issued a worker's compensation insurance policy to KSH.[14] Proposed Intervenors "adopt the allegations of Plaintiff's Complaint as to the liability of Defendant"[15] and contend that they are "entitled to be paid by preference and priority any such money paid out of any payment or settlement made in favor of Plaintiff by any party, including Defendant, Clean Harbors, for any amounts which have been paid to or on behalf of the Decedent for workers' compensation benefits and/or medical expenses, and death benefits paid to Plaintiff…."[16] Additionally, KSH "as additional subrogee and co-owner of the rights of Plaintiff" seeks "reimbursement for all those amounts paid to [sic] on behalf of Decedent and/or Plaintiff in excess of the coverages provided by HDI."[17]

**II.  Law and Analysis**

Proposed Intervenors seek to intervene as of right pursuant to Fed. R. Civ. P. 24(a).[18] Pursuant to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or

---

[13] R. Doc. 10.
[14] R. Doc. 10-4, ¶¶ 2 & 4.
[15] R. Doc. 10-4, ¶ 6.
[16] R. Doc. 10-4, ¶ 9.
[17] R. Doc. 10-4, ¶ 11.
[18] R. Doc. 10-4, ¶ 1.

3

impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest.[19]

The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court.[20] Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'"[21] The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely."[22] Here, Plaintiff filed suit on March 9, 2018 and the case was removed by Defendant on March 29, 2018.[23] A Scheduling Order was entered on June 8, 2018 setting July 2, 2018 as the deadline to join other parties[24] The discovery deadline is April 1, 2019.[25] Given the early procedural posture of this suit, the lack of prejudice to the parties already in suit (as evidenced by their consent to this intervention), and the prejudice to Proposed Intervenors (discussed below) that would occur if they were not permitted to intervene, the Court finds that Proposed Intervenors' intervention is timely.

---

[19] *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001).

[20] *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970).

[21] *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).

[22] *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth*, 558 F.2d at 264-266).

[23] R. Doc. 1-2; R. Doc. 1.

[24] R. Doc. 8.

[25] R. Doc. 8.

Pursuant to the Louisiana Workers' Compensation Act, "[i]f either the employee…or the employer or insurer bring suits against a third person…he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit."[26] "Although the statute provides that the other may intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor."[27] In light of this jurisprudence, district courts in this circuit have found that workers' compensation insurers and employers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors.[28] Here, Proposed Intervenors assert they have paid workers' compensation benefits to Plaintiff and seeks reimbursement for same. Unless allowed to intervene, they will lose their right to reimbursement. Accordingly, the Court finds Proposed Intervenors to be intervenors of right under Fed. R. Civ. P. 24(a)(2).[29]

---

[26] La. R.S. § 23:1102(A).

[27] *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 649 So. 2d 776, 782 (La. App. 1 Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid must intervene in the pending lawsuit….")).

[28] *See*, *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 640 (W.D. La. 2014) (dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance….Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, No. 12-cv-287, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.).

[29] No party contends, and the Court does not find, that Proposed Intervenors' interests are adequately represented by either Plaintiff or Defendant in this suit. Like Plaintiff, Proposed Intervenors have an interest in maximizing recovery against Defendants. *See*, *Dushane*, 2005 WL 1959151, at *6. However, the recovery sought by Proposed Intervenors (reimbursement for payments made to or on behalf of Decedent and/or Plaintiff through the date of judgment or settlement) is separate from Plaintiff's damage claim.

### III. Conclusion

For the reasons set forth herein, the Unopposed Motion for Leave to Intervene[30] is **GRANTED**.

The clerk is **ORDERED** to file the Complaint of Intervention (R. Doc. 10-4) into the record.

Signed in Baton Rouge, Louisiana, on June 28, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] R. Doc. 10.